# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0715-23

Y.K,

    Plaintiff-Respondent,

v.

S.N.K.,

    Defendant-Appellant.

_____

Argued December 3, 2024 – Decided December 11, 2024

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FV-13-0438-24.

Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Luke C. Kurzawa, on the brief).

Lisa P. Parker argued the cause for respondent (Greenbaum, Rowe, Smith & Davis, LLP, attorneys; Lisa P. Parker, on the brief).

PER CURIAM

Defendant, S.K.[1], appeals from the Family Part's entry of a final restraining order (FRO) against him. On appeal, he argues that the Family Part erred when it: failed to confirm defendant received proper notice of the FRO hearing date; conducted the hearing without defendant; and issued the FRO against him in absentia. Because the record shows defendant was not properly served with notice of the date of his FRO hearing, we reverse and remand for a new trial.

Because we are confronted with the narrow issue of service of a temporary restraining order (TRO), we focus only on the salient facts related to the question before us.

After an altercation between defendant and plaintiff, Y.K., his spouse, defendant was arrested and charged with simple assault, criminal mischief, and possession of a weapon for an unlawful purpose. Defendant, whose primary language is Korean, was detained at the Monmouth County jail on August 31, 2023. That day, plaintiff secured a TRO against defendant. The TRO included a return date of September 6 for the FRO hearing. The Family Division staff faxed the TRO to the Monmouth County jail on August 31, but did not obtain confirmation that the TRO was served upon defendant. Defendant was released

---

[1] We employ initials to protect the parties' privacy.

A-0715-23

from jail with conditions on September 1.[2]  On September 6, the FRO return date, plaintiff appeared in court, and she was sworn in.[3]  Defendant was not present.

The Family Part judge engaged in a colloquy with plaintiff and court staff before determining the adequacy of service:

> COURT:  This is an application for a final restraining order.  Defendant is not present.  Has the defendant been served? He was.  He was arrested for this, correct?
>
> CLERK:  Yes.
>
> THE COURT:  All right.  [Y.K], are you seeking to make the restraining order permanent and final today? You wish to [] keep it, correct?
>
> PLAINTIFF:  Yes.
>
> COURT: Okay.  Defendant is not here.  [A]ll it says is that the TRO was faxed to [the county jail].  It doesn't say he was served with it.
>
> CLERK:  I have him served August 31st.
>
> COURT:  By whom?  He's out of jail already; do you know, [Y.K.]?

---

[2]   Judge James M. Newman, P.J.M.C., issued the order of release with conditions, which included a requirement that defendant appear for all "scheduled court proceedings."

[3]  The record shows that plaintiff's court-certified Korean interpreter was not sworn in as required by Rule N.J.R.E. 604.

A-0715-23

PLAINTIFF: Yes.

CLERK: It says he was served by the Middletown Police Department . . . .

COURT: When?

CLERK: August 31st.

COURT: When they faxed it to the county jail?

CLERK: I would guess, Judge.

COURT: Is he still in the jail?

CLERK: No, he's not.

＊ ＊ ＊ ＊

THE COURT: I have some strong concerns that the service that was entered is not valid because it says that the Middletown Police Department faxed the complaint to the . . . Monmouth County Jail. I don't have any proof that anyone actually delivered it to [defendant].

At this point, plaintiff, who had been sworn in, advised the court that the police department informed her that upon defendant's release, the police would instruct defendant not to return to the marital home or contact plaintiff. Plaintiff then stated that defendant did come to the marital home on September 2, and she contacted the police. The following exchange then took place in court:

4

THE COURT: Did the police come and kick [defendant] out of the house?

PLAINTIFF: Yes.

THE COURT: Okay. Then I'm satisfied he was served with the restraining order. They wouldn't have done that without giving it to him.

After finding defendant had been served, the Family Part made additional findings. Next, the court found plaintiff, the sole witness at the hearing, credible. Finally, the court made prong one and prong two findings pursuant to Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006) and issued an FRO against defendant. Defendant appeals, arguing that the trial court erroneously granted the FRO against him without proof of proper service.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's findings of fact because of its expertise in family matters. Id. at 413 (citations omitted). We will not disturb a trial court's factual findings unless "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 412 (quoting Rova Farms Resort, Inc. v. Inv. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, we do not accord such deference to legal conclusions and

5

A-0715-23

review such conclusions de novo.  Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

N.J.S.A. 2C:25-28(l), which governs service of a TRO, states:

> An order granting emergency relief, together with the complaint or complaints, shall immediately be forwarded to the appropriate law enforcement agency for service on the defendant, and to the police of the municipality in which the plaintiff resides or is sheltered, and shall immediately be served upon the defendant along with a copy of the translated order, if applicable, by the police, except that an order issued during regular court hours may be forwarded to the sheriff for immediate service upon the defendant in accordance with the Rules of Court.  If personal service cannot be effected upon the defendant, the court may order other appropriate substituted service.  At no time shall the plaintiff be asked or required to serve any order on the defendant.

We consider only the dispositive question:  was there sufficient evidence in the record for the Family Part to find defendant was properly served under N.J.S.A. 2C:25-28(l)?  We conclude the answer is no.

The Family Part committed error when it found defendant had been properly served.  After initially expressing misgivings about the adequacy of service, the judge based its finding of service upon plaintiff's inadmissible hearsay testimony that the police told her they would serve defendant.  The record shows no return of service demonstrating defendant was served.

A-0715-23

Additionally, the Family Part did not exercise its discretion under N.J.S.A. 2C:25-28(l) to order substituted service.

Finally, we reject plaintiff's argument that defendant had the burden to demonstrate that he was not served. Such an argument does not comport with fundamental due process principles. We are invested with a duty to "ensure that individuals charged with committing domestic violence offenses are treated fairly and receive the full panoply of due process rights guaranteed by our federal and State constitutions." A.M.C. v. P.B., 447 N.J. Super. 402, 421 (App. Div. 2016).

We reverse, vacate the order of September 6, 2023, and reinstate the TRO of September 1, 2023. The Family Part shall conduct the FRO trial not later than thirty days from the date of the issuance of this opinion.

Reversed and remanded. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0715-23